# CIRCUIT COURT OF BALTIMORE CITY.

Filed October 10, 1906.

LAWRENCE PERIN
VS.
THE BELVEDERE BUILDING COMPANY.

*George Dobbin Penniman* and *J. Hanson Thomas* for exceptants.
*Fielder C. Slingluff* for receivers.

NILES, J.—

The only item in the auditor's account filed in this case, which is excepted to, is the allowance of commissions to the receivers at the rate of 5 per cent. on the total amount received by them. The amount so received is $168,275.73, and the commissions al-

lowed are $8,413.78. The time covered by the account runs from February 10th to May 31st, 1906, three months and eighteen days.

It appears from the evidence and statements made by counsel in open court that, when receivers were appointed for the Belvedere Hotel, there was a Manager employed at a salary of $5,000 per year. This Manager was continued by the receivers, and the actual operations of the hotel have been conducted directly by him. It also appears that the detailed accounts of the receivers have been kept by the American Audit Company, and that the duties of the receivers have consisted in the general care and protection of the property, and in general supervision of the business conducted under order of court.

The money upon which commissions are claimed, consists of the total amount received in the conduct of the hotel, from which all the running and current expenses have had to be paid. The difference within the time covered by the account, between the total receipts, and the amount expended for bar and hotel licenses, wages and supplies, is only $70,141.01.

The exceptions filed bring up squarely before me the question whether, in a case of this sort, an allowance of a certain percentage upon gross receipts of a running business, which is carried on by the receivers, is the proper method of compensation, or whether in such a case as this, an allowance of a certain salary in lieu of commissions, or of a certain gross sum which perhaps, might properly be called neither commissions, nor salary, would be fairer and better measure of the receivers' compensation. So far as I was able to learn, by questioning the eminent and experienced solicitors employed in the case, I could not find that any of the Judges of the Supreme Bench had laid down, in a contested case, what might be considered as a general rule for cases of this sort. The delicate, and in many respects, unpleasant duty was devolved upon me, at least to some extent, to pass upon this question of receivers' commissions without the guide of any fixed and peremptory rule. I say, it was cast upon me "to some extent" because before coming to a definite conclusion I have consulted with several of the other members of the Supreme Bench, and am, to a large extent, in this present decision governed by their better judgment, although of course, I recognize that the responsibility for whatever action the court may take must be borne by me personally. I am of opinion, that in all ordinary cases, including those cases where an ordinary private business is conducted by the receiver for a short time prior to sale and distribution, a commission upon the gross receipts, such as has been usually allowed, is the best and fairest method of determining the receiver's compensation, and I have no disposition to interfere with this practice in ordinary cases, but rather to sanction it. There are, however, certain cases which appear to me to stand by themselves, and not to come under the general rule. These are cases where receivers are instructed to carry on by means of agents, who relieve the receivers of detail work, a going business of great magnitude. Take, for instance, such extreme cases as would arise should receivers be appointed for the Northern Central Railway, or the United States Cotton Duck Corporation, or for the Consolidated Gas Company, and such receivers be authorized by the court to continue the business pending the reorganization. It does not seem to me that any one would deny that a compensation based upon a certain percentage of the gross receipts of such a corporation would be a most unfair and almost ridiculous method of valuing the services of such receivers. A certain salary, such as was allowed by the United States Court in the Baltimore and Ohio Railroad Company receivership case; or a lump sum, such as was allowed by Judge Stockbridge in the Old Town Bank case, would seem to be the only methods of determining such compensation, which could be seriously considered.

The question in this case for me then is, does the present receivership fall within the ordinary class, or is it one of the special cases to be treated as I think the cases which I have just put would be treated if they should arise.

My opinion is, that this case is one of those few special cases where a different rule from a certain percentage of receipts should govern the compensation of the receivers.

From such informal consultations as I have been able to have with the other members of the Supreme Bench, and yielding to some extent to their opinion, I would say, that the disposition of this court would be to treat these exceptional cases according to the facts and circumstances of each as it may arise, and not lay down any general rule for these exceptional cases, except, perhaps, that there would be a bias toward allowing a flat sum for all services rendered, rather than either commissions or a stated salary.

I will therefore sustain the exceptions in this case, and will allow a flat sum to the receivers, in lieu of the commissions given them by the auditor. The next question is, what shall this sum be?

The evidence taken before me is quite full to the effect that, in spite of all the assistance obtained by the receivers, and allowed by the court their duties have been arduous and their responsibility heavy.

When an estate of this sort is in control of the court, it seems to me that every one should expect that sufficient compensation should be given to justify the very best men to give their very best services, with the assurance that they would have full compensation; and that the receiver's fees should not be pared down to niggardliness, any more than they should be allowed with carelessness or extravagance.

Apparently, the services required of a president in the management of a large financial institution in this city, and the determination of the myriad questions which are continually coming before him, are fairly compensated by from ten to fifteen thousand dollars per year.

Assuming that the court should require in a case like this, its receivers to be men of equal ability to those which manage our large financial institutions, and that the greater acuteness of the questions arising for a receiver to determine are fairly offset by the fact that in this case, at least, the duties of the receivers have not required their whole time, or the giving up of their other business, it would seem to me that an allowance to the receivers for the 3 2/3 months covered by the report, of $4,600, would be a fair compensation. This would be at the rate of $15,000 per year, and I would be disposed to allow compensation at a similar rate from the date the account closes, June 1st, 1906, so long as the receivership continues, provided it be wound up by the first of December in this year. It seems to me that by the 1st of December, either some reorganization scheme should be made effective, or the property should be in course of sale under mortgage foreclosure. Of course, however, the only point directly before me for decision now, is the allowance of compensation to the receivers for the time of their services ending May 31st, and I find $4,600, as I before stated, to be the amount which under the circumstances of this case, I will allow and will sign an order accordingly. Among the authorities consulted by me which I found helpful so far as the laying down of general principles as to compensation of receivers is concerned were:

Gibson's case, I Bland, 138, 147, 149.

Abbott vs. B. & R. S. P. Co., 4 Md., Ch. 310.

N. C. R. vs. Keighler, 29 Md., 572.

Tome vs. King. 64 Md., 166.

Am. & Eng. Encyclopedia, Vol. 23, p. 1103.

Miller's Equity, Chap. 28.